UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER R. PAVEY,

    Petitioner,

v.                                   CAUSE NO. 3:18-CV-888-DRL-MGG

WARDEN,

    Respondent.

## OPINION & ORDER

Christopher R. Pavey, a prisoner without a lawyer, filed a habeas corpus petition challenging a prison disciplinary proceeding at the Indiana State Prison (ISP 18-06-0310) in which a disciplinary hearing officer found him guilty of "threatening" in violation of Indiana Department of Correction Offense B-213. As a result, he lost 90 days of earned time credits, among other sanctions.

The charge was initiated on August 16, 2018, when Officer I. Chism wrote a conduct report stating as follows:

> On 8-16-18 at approximately 1:13 pm, Checkpoint 2 advised me Ofc. Chism to clear CCM's walk due to the 1 pm lines ending. I asked offender Pavey DOC #885943 if he was a "yard worker" or was he stepping into CCH. Offender Pavey verbally snapped at me while refusing to move and stated to me, "if I ever attempt to point him out again in front of everyone, he would put me on my head." Offender Pavey's actions created a scene that caused other offenders to not step back into CCH. This conduct report stands as written.

ECF 10-1. Officer M. Lopez[1] submitted a witness the same day stating:

> On 08-16-2018 at approximately 1:13 pm I OFC. Lopez overheard J3 Pavey DOC# 885943 who is housed CE-125 yelling and making threatening statements towards OFC. Chism. J3 Pavey stated that if OFC. Chism pointed him out again, he would put OFC. Chism on his head. End of report.

ECF 10-2. Additionally, Lieutenant A. Neal wrote an "incident report" stating as follows:

---

[1] On the report, this officer listed his name as M. Lopez Jimenez. The parties refer to him as "Officer Lopez," and for consistency the court does as well.

> Thursday August 16, 2018 at 1:00pm Officer Izonia Chism called for assi[s]tance inside CCH. When Lt Anthony Neal arrived Sergeant Smith had Offender Christopher Pavey 885943 (WM) handcuff and was escorting him to the custody hall. Officer Chism stated that work lines were returning to the unit when he was clearing the door and asked if Offender Pavey became verbally aggressive and stated that "If Officer Chism try to point him out again in front of everyone he would put him on his head." Offender Pavey was taken to MSU to be suicide screened by RN Irasema Block and moved to DE 310 for B213 Threatening.

ECF 10-3.

Mr. Pavey was formally notified of the charge on August 24, 2018. ECF 10-4. He requested a lay advocate, and one was appointed. *Id.* He requested a witness statement from Officer Lopez, as well as statements from another correctional officer, Sergeant Smith (first name unknown), and inmate Michael Wrencher. *Id.* He also requested video evidence to show that "Chism approached Pavey and instigated the situation," as well as copies of prison policies addressing human resources, use of restraint equipment, and a variety of other matters. *Id.*; ECF 10-6. An attempt was made by the facility to obtain the video evidence, but there was no coverage of the area available. ECF 10-12.

Before the hearing, statements were obtained from Sergeant Smith and inmate Wrencher, who provided specific answers to a series of written questions Mr. Pavey posed to them. ECF 10-5; ECF 10-9; ECF 10-11. Mr. Wrencher's account was that he overheard Mr. Pavey and Officer Chism talking but did not hear any threat by Mr. Pavey, and that he left as Sergeant Smith was arriving. ECF 10-11. Mr. Wrencher stated that as he was leaving, he heard Mr. Pavey complaining to Sergeant Smith that "Chism is singling him out." *Id.* Sergeant Smith's account was that he did not hear the threat, but that Officer Chism told him Mr. Pavey threatened him. ECF 10-9. A statement was also requested from Officer Lopez, but he declined to provide one stating, "I already wrote a statement of what happened on 8-16-18." ECF 10-10.

On August 28, 2018, the hearing officer conducted a hearing on the charge. ECF 10-8. Mr. Pavey pleaded not guilty and made the following statement in his defense:

2

> Lopez wasn't even there. No officer was around. I went right to Sgt. Smith—Lopez is lying. I'm standing out of CCH. I'm the only white guy out there. He got right in my face. Told him you got the wrong one—I'll go in when you get other ones to go in. I'm not threatening nobody especially about petty shit like that.

*Id.* Based on staff reports and statements from witnesses, the hearing officer found Mr. Pavey guilty. *Id.* Based on the nature of the offense, as well as Mr. Pavey's "attitude and demeanor" during the hearing, she revoked 90 days of earned credit time, in addition to other sanctions. *Id.* Mr. Pavey's administrative appeals were denied. ECF 10-13, ECF 10-14; ECF 10-15.

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charge; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Mr. Pavey raises a variety of claims in his petition, which can be grouped into the following categories: (1) the evidence was insufficient; (2) he was denied an impartial decisionmaker; (3) the sanction imposed was unwarranted by his demeanor at the hearing; (4) he was denied evidence; and (5) internal prison policies were not followed. ECF 1.

As a preliminary matter, the respondent argues that claims two and three are procedurally defaulted because Mr. Pavey failed to raise them in his administrative appeals. A prisoner must exhaust all available state administrative remedies, and the failure to do so constitutes a procedural default precluding habeas relief. 28 U.S.C. § 2254(b)(1)(A); *Markham v. Clark*, 978 F.2d 993, 995-96 (7th Cir. 1992). Upon review, the court agrees with respondent that these two claims are procedurally defaulted. Mr. Pavey did not raise either claim with the warden or the final reviewing authority. ECF 10-13; ECF 10-15. Nor has he demonstrated cause sufficient to set aside the default. He alternatively states that he did not raise these claims because he "honestly didn't expect it to go this far" (ECF 1 at 10), and

3

because the prison's appeal forms did not provide him enough room to include them (ECF 20 at 7-8). These standard forms provided sufficient space for Mr. Pavey to articulate any due process claim he wished to raise. *See* ECF 10-13; ECF 10-15. That he decided to devote the space to some arguments and omit others is not the type of "external" impediment that would excuse his default. *See Crutchfield v. Dennison*, 910 F.3d 968, 973 (7th Cir. 2018). Therefore, the court does not reach either of these claims on the merits.

As to his remaining claims, Mr. Pavey states in a variety of ways that there was insufficient evidence to find him guilty, including that Officer Lopez was not a credible witness, that Officer Chism's account is not plausible, and that the hearing officer erred in rejecting his account. To satisfy due process, there must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). As this circuit has explained:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Hearing officers are entitled to resolve conflicts in the stories presented to them, as long as "some evidence" supports the decision. *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006).

Here, Mr. Pavey was found guilty of "threatening." Under the Indiana Department of Correction Disciplinary Code for Adult Offenders, an inmate commits "threatening" by engaging in any of the following:

1. Communicating to another person an intent to physically harm, harass or intimidate that person or someone else.

2. Communicating an intent to cause damage to or loss of that person's or another person's property.

3. Communicating an intent to intentionally make an accusation that he/she knows is untrue or false.

ECF 10-16. Mr. Pavey's account was that he did not threaten anyone. His witness also stated that he did not hear Mr. Pavey make a threat, although he acknowledged that he left the area before the incident was over. On the other hand, Officer Chism and Officer Lopez both attested that Mr. Pavey made a threat of physical harm to Officer Chism. The hearing officer considered all of the witness statements, including those submitted by Mr. Pavey, and chose to believe the officers. Their account constitutes some evidence to support the hearing officer's finding. Mr. Pavey argues that the officers were lying, but it is not the province of this court to reweigh the evidence to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652. He has not established a due process violation.

Next, Mr. Pavey claims that he was denied evidence. Mr. Pavey had a right to request evidence in his defense. *Wolff*, 418 U.S. at 566. The record reflects that at the time of screening, Mr. Pavey requested witness statements from Mr. Wrencher and Sergeant Smith. Those statements were obtained and considered by the hearing officer. He also wanted a statement from Officer Lopez, but because Officer Lopez had already provided a witness statement about what occurred on that date, he declined to provide a second one. Mr. Pavey wanted Officer Lopez to provide a second statement answering a series of questions that, in his view, would have undercut the officer's account. In effect, he wanted to crossexamine Officer Lopez, but the law is clear that he did not have a right to confront and crossexamine adverse witnesses. *See Wolff*, 418 U.S. at 567-68; *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). The court finds no due process error in connection with the witness statements.[2]

---

[2] Although unclear, Mr. Pavey may also be complaining that he was not given a copy of Officer Lopez's original statement prior to the hearing. The fact that the statement was not given to him in accordance with the prison's internal deadlines would not state a cognizable basis for granting federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). To the extent he is claiming that his due process rights were violated by the delay, the denial of evidence is considered harmless unless the evidence would have aided the inmate's defense. *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). Here, Mr. Pavey states that if he had gotten the statement earlier, he would have asked the hearing officer to "do an experiment" to determine if she could hear anything over the noise of the other inmates in that area of the prison. ECF 1 at 4. Though prisoners have a right to submit

As for the video evidence, Mr. Pavey finds it "convenient" that no video evidence was available, but beyond his speculation, there is nothing in the record to suggest that such evidence was available and not provided to him. As for the prison policies that he requested, he has not demonstrated that they would have been exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence); *see also Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (denial of evidence is considered harmless unless the evidence would have aided the inmate's defense). "Exculpatory" in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Evidence that Officer Chism did not comply with internal policies regarding calling for back-up and other matters would not undercut the officer's direct statement that Mr. Pavey threatened him.

Finally, Mr. Pavey claims that a variety of internal prison rules were violated in the course of the disciplinary proceeding. However, the violation of prison policy does not present a cognizable basis for granting federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Keller v. Donahue*, 271 F. Appx. 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Accordingly, Mr. Pavey's claims are procedurally defaulted or otherwise without merit.[3]

For these reasons, the court:

---

relevant exculpatory evidence, they do not have the right to the *creation* of evidence that does not already exist. *Wolff*, 418 U.S. at 556. Additionally, to the extent he is claiming that he did not realize Officer Lopez was going to be a witness until the time of the hearing because he was nowhere near the area, this assertion is undercut by the fact that Mr. Pavey himself requested a witness statement from Officer Lopez at the time of screening. The court finds this claim unavailing.

[3] Mr. Pavey sent the court a number of documents for *in camera* review. ECF 19. The matters raised in those documents go far beyond the scope of this habeas case challenging a disciplinary proceeding. To the extent he is claiming that his right of access to the courts has been hindered, there is nothing to suggest that occurred in this case. Mr. Pavey has sent the court a petition, a traverse, and a variety of letters and motions throughout the pendency of this case.

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED.

June 26, 2020  *s/ Damon R. Leichty*
Judge, United States District Court